# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4621-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ISAIAH GREENE,

     Defendant-Appellant.

_____

Submitted November 17, 2020 – Decided January 12, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-05-1314.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Isaiah Greene appeals from a May 3, 2019 order denying his application for post-conviction relief (PCR). He contends that his trial counsel was ineffective for failing to call his mother as an alibi witness. Having conducted a de novo review of the record, we affirm substantially for the reasons explained by Judge Michael L. Ravin in his thorough written opinion denying the PCR petition after hearing oral argument, but without an evidentiary hearing.

A jury convicted defendant of first-degree carjacking, N.J.S.A. 2C:15-2; first-degree robbery, N.J.S.A. 2C:15-1; third-degree criminal restraint, N.J.S.A. 2C:13-2; and two counts of third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a). The evidence at trial established that defendant threatened a female victim, forced her to drive with him in her car, sexually assaulted her, and stole her cellphone and cash. The victim got a good look at defendant and identified him both during a photo array and at trial. Defendant was also found to be in possession of the victim's cell phone. A more detailed description of the facts and procedural history are set forth in our opinion affirming defendant's convictions on his direct appeal. State v. Greene, No. A-3338-13 (App. Div. Feb. 29, 2016). Our Supreme Court denied defendant's petition for certification. State v. Greene, 226 N.J. 212 (2016).

Before Judge Ravin, defendant and his PCR counsel contended that defendant's trial counsel had been ineffective in several ways. On this appeal, defendant makes one argument:

> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM TRIAL COUNSEL.
>
> (a) Trial counsel was ineffective for failing to call Ms. Greene as an alibi witness.

The argument that defendant makes on this appeal was also presented to Judge Ravin. Judge Ravin correctly analyzed that argument, applied the well-established law, and found that the argument failed to satisfy the first prong required to establish ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring an initial showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"); accord State v. Fritz, 105 N.J. 42, 57-58 (1987). Specifically, Judge Ravin correctly recognized that defendant had presented nothing more than an unsupported contention. Defendant's petition for PCR was not supported by an affidavit or certification from his mother. See R. 3:22-10(c) (requiring facts to be established through affidavits or certifications before a court grants an evidentiary hearing). Thus, his bald assertion that his mother might have testified that he was with her when

3

the crimes occurred does not establish a prima facie showing of ineffective assistance of counsel. "[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative[.]'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). Defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355). Bald assertions are simply not enough. Id. at 311-12.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4621-18T4